IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CEDRIC BOATWRIGHT, #273217,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>DONALD BRYANT, MARION COUNTY  )<br>PRISON CAMP, WARDEN BERNARD  )<br>MCKIE, KIRKLAND CORRECTIONAL  )<br>INSTITUTION, MARION COUNTY  )<br>COMMISSION, AND WARDEN  )<br>RAYMOND REED, MANNING  )<br>CORRECTIONAL INSTITUTION,  )<br>  )<br>Defendants.  )<br>  )<br>_____) | C.A. No. 6:04-22750-TLW<br><br>**WRITTEN OPINION AND ORDER** |

   In this *pro se* case, the plaintiff, an inmate now or formerly within the South Carolina Department of Corrections, asserts that the defendants violated his constitutional rights. In particular, the plaintiff alleges that the defendants wrongfully denied him appropriate medical care during his incarceration. The defendants deny these allegations and have filed motions for summary judgment. The plaintiff has not filed any memorandum in opposition to the defendants' motions for summary judgment.

   By Orders filed March 3, 2005, the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motions. On March 11, 2005, the plaintiff filed a motion for appointment of legal counsel. By Order of the Court filed March 21, 2005, the plaintiff's motion for appointment of counsel was denied and the plaintiff was given through April 26, 2005, to respond to the defendants'

1

motions for summary judgment. As noted, the plaintiff has not filed any response to the defendants' motions for summary judgment.

As the plaintiff is proceeding *pro se*, the Court filed another Order on June 2, 2005, allowing the plaintiff through June 27, 2005, to file his opposition to the defendants' motions for summary judgment. At that time, the plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.

Thereafter, on June 10, 2005, the plaintiff filed a motion for summary judgment. Importantly, the plaintiff's motion for summary judgment did not address the defendants' motions for summary judgment. On June 16, 2005, the defendants filed their memorandum in opposition to the plaintiff's motion for summary judgment.

On June 28, 2005, the Court Ordered that:

> ...the plaintiff shall have one final opportunity to file his response to the defendants' motions for summary judgment. The plaintiff is advised that this is his last chance to respond to the motions for summary judgment, and that if he fails to file his response to the motions, this case will be dismissed for failure to prosecute. Davis v. Williams, 568 F.2d 69, 70 (4th Cir. 1978).

Again, the plaintiff did not file any response in opposition to the defendants' motions for summary judgment.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge William M. Catoe, to whom this case had previously been assigned. In his Report, Magistrate Judge Catoe recommends that this action be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. As reasoned by the Magistrate Judge:

> ...it appears that the plaintiff no longer wishes to pursue this action.

No objections have been filed to the Report.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. As noted above, no objections have been filed to the Report. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See* Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Likewise, absent objections to the Report, it is reasonable to conclude that the plaintiff agrees with the Report and the recommendations contained therein.

A *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, and without objection, it is **ORDERED** that this case is **DISMISSED** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
Terry L. Wooten
United States District Court Judge

August 10, 2005
Florence, South Carolina